**TAGO of Pago Pago, Plaintiff**

v.

**FALEULU of Pago Pago, Defendant**

No. 23-1958

High Court of American Samoa

Civil Jurisdiction, Trial Division

[Land: "Vaipito" in Pago Pago]

August 29, 1958

### OPINION AND ORDER OF DISMISSAL

Heard at Fagatogo on August 6, 1958 before MORROW, *Chief Judge,* and LETULIGASENOA and TAUALA, *Associate Judges.*

Tago *pro se.*

Faleulu *pro se.*

MORROW, *Chief Judge.*

Tago filed his petition seeking the eviction of Faleulu from a part of the land Vaipito in Pago Pago. In 1947 Vaipito was decreed by this Court, in the case of *Tago Loe et al. v. Sami and Faafeu Mauga,* No. 33-1947 (H.C. of Am. S.) to "be registered as the individual property of Sami Mauga and Faafeu Mauga, subject to the license of Tago Loe to continue to use and occupy that part of Vaipito which he is now using and occupying, during the remainder of his natural life unless such license be sooner terminated by agreement or otherwise according to law." Vaipito was so registered. Prior to the hearing of this case the Court viewed the land involved in the presence of the parties.

It appeared in the 1947 case that Mauga Moimoi had owned Vaipito as his individual property and that he had given permission to Tago Loe to occupy and use a part of it in return for service in accordance with Samoan customs; that Tago Loe had gone on the land and put in plantations and put up houses in reliance upon the permission; that later Mauga Moimoi gave Vaipito to Sami and Faafeu who were his daughters adopted in the Samoan way. He had no blood children of his own.

Faleulu is the blood son of Leatiota, the blood brother of plaintiff Tago who was the Tago Loe in the 1947 case. Tago is Faleulu's matai.

In our opinion the weight of evidence proves that Faleulu's blood father helped Tago put in the plantations on the land from which he seeks to evict Faleulu and that Faleulu himself began working on the plantations there when he was still a boy; that he worked with Tago and his blood father, Leatiota; that sometime before the war Tago, as Faleulu's matai, authorized Faleulu to live on the land

with his family and that they have lived on it ever since, a period of over 21 years; that Faleulu has put in taro and banana plantations on the land and helped keep up the other plantations on it; that in late 1957 Faleulu, contrary to the wishes of Tago who was in Manua at the time and without Tago's knowledge, moved the house a few yards, rebuilt it, increasing its size from about 12 by 16 feet to about 20 by 40 feet; that the old house was in bad condition, infested by termites and mosquito-ridden, and an unhealthy place in which to live; that the house as rebuilt is a great improvement over the old house. It is much larger and better in every respect. And it is much better from the standpoint of health since it is screened, whereas the old house had only Samoan coconut blinds which did not keep out mosquitos and flies. To better protect the house Faleulu cut down a coconut tree two or three feet from it. This was also done without the knowledge and consent of Tago while Tago was in Manua. Tago objected to the removal of the old house because the new house, as he said, might be blown down by the wind. The Court saw the location of the new house and the location of the old house a few feet away. We think the danger from the wind is substantially the same in both locations. It seems also that over the years Tago and Faleulu have had a few differences (other than those arising from Faleulu's moving and rebuilding the house and cutting down the coconut tree) which were amicably settled. Nevertheless, Tago is asking this Court to order the eviction of Faleulu from the premises primarily because, without Tago's knowledge and consent, he. cut down one lone coconut tree and moved a little old house, which was in bad condition and rebuilt it—this even though the house as rebuilt is much larger, and a much better and healthier place in which to live.

We have already said that Tago is Faleulu's matai. We believe from the evidence that when Faleulu moved with

his family onto the premises more than 21 years ago, Tago was providing, as all matais do, a place in which his son (matai son) could live and bring up his family; that Tago, in accordance with Samoan customs, became entitled to receive service from his son Faleulu; that Faleulu has rendered much service to Tago as his matai. To mention a few items of service, Faleulu gave Tago a pig to help him do his part as a chief at Mauga's jubilee celebration, bought and sent to him in Olosega (Tago's title is attached to Olosega) a drum of kerosene worth $30, gave him over $75 worth of things in connection with Tago's getting a title in Malaeloa, spent over $200 to get Tago a seat in the Pago Pago village council, sent him almost $300 worth of things for use in the dedication of his title, and furnished money for the use of the Tago Family in making a trip to Western Samoa to bring back Tago's children.

We think the disagreement over the cutting of the lone coconut tree and moving the house, in view of Faleulu's most generous service to Tago, is not a ground on which a matai has a right to evict his son from premises assigned by the matai to his son. If every matai in American Samoa could have his family members evicted from premises assigned to them because of little disagreements such as have appeared in this case, it would be a bad situation indeed and young men would have no place to live.

We are going to dismiss Tago's petition in this case not only because Tago and Faleulu are father and son in Samoan customs but also because Faleulu has faithfully rendered service to his matai. However, Faleulu should understand that he should continue to render such service in accordance with Samoan customs; also it should be clearly understood that Tago has the right to procure food from the plantations on the premises involved. Under the decree in the above case of *Tago Loe et al. v. Sami and Faafeu*, No. 33-1947 (H.C. of Am. S.) the right of Tago to occupy

and use such premises ends with Tago's death. Also, since any right of Faleulu with respect to the premises is derived from and through Tago, it follows that any right of occupation by Faleulu will terminate upon Tago's death.

## ORDER

In accordance with the foregoing opinion it is ORDERED that the petition of Tago filed in this case be and the same is hereby dismissed.

Costs in the sum of $25.00 are hereby assessed against Tago, the same to be paid within 30 days.